IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SARENA DANIEL**, | Case No. 3:17-cv-542-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **OREGON HEALTH & SCIENCES UNIVERSITY and DAVID SCOTT**, | |
| Defendants. | |

Micah D. Fargey, FARGEY LAW PC, 7455 SW Bridgeport Road, Suite 220, Portland, OR 97224. Of Attorneys for Plaintiff.

Karen O'Kasey and Jonathan Rue, HART WAGNER LLP, 1000 SW Broadway, Twentieth Floor, Portland OR 97205. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

Plaintiff Sarena Daniel filed this lawsuit in state court against her employer, Defendant Oregon Health & Sciences University ("OHSU"), and her former supervisor at OHSU, Defendant David Scott ("Scott"). Plaintiff alleges that Scott sexually harassed her and that OHSU and Scott retaliated against her after she reported the alleged sexual harassment. Defendants removed the case to federal court and now move for partial summary judgment. For the following reasons, Defendants' motion is granted in part and denied in part.

PAGE 1 – OPINION AND ORDER

**STANDARDS**

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and quotation marks omitted).

**BACKGROUND**

In August 2014, OHSU hired Plaintiff to work as a cashier in its Food & Nutrition Department. Scott trained Plaintiff during her initial probationary period and was her first supervisor. Almost immediately after Plaintiff went to work for OHSU, she was uncomfortable working with Scott. At the time Plaintiff began with OHSU, Scott was already involved in a sexual relationship with another OHSU supervisor, who was married. Scott sought to leverage his influence and position over Plaintiff to coerce her into a similar sexual relationship. Shortly after Plaintiff began at OHSU, Scott told her that he would be "nice" to her, if she wanted Scott to be her "sugar daddy."

Scott's role in training Plaintiff often required her to be alone with Scott. On several occasions in November 2014, Scott inappropriately touched Plaintiff, made crude remarks and gestures to her, and asked her to engage in inappropriate acts with him. Plaintiff declined Scott's advances, but did not formally complain about Scott's behavior until after the conclusion of her probationary period.

On March 2, 2015, Plaintiff filed a complaint against Scott with OHSU's Action and Employment Opportunity Office ("AEOO"), which conducted an investigation. Shortly thereafter, OHSU reduced Plaintiff's hours, placed Scott on leave, and transferred him away from supervising Plaintiff's day-to-day responsibilities. Scott, however, continued to interact with Plaintiff.

On July 21, 2015, Scott attempted to "run over" Plaintiff with a cart, prompting Plaintiff to file another complaint with the AEOO later that day. According to Plaintiff, OHSU responded to her new complaint by falsely accusing her of engaging in inappropriate behavior and disciplining her. Since 2015, although Scott no longer works in close physical proximity to Plaintiff on a daily basis, he still comes to her work area from time to time. When he does, Scott continues to "leer and stare" at Plaintiff.

During the period of Scott's alleged sexual harassment of Plaintiff, she began to suffer severe migraine headaches and sought treatment from a doctor. In May 2015, Plaintiff sent four notes from her doctor to OHSU, requesting an accommodation. According to Plaintiff, OHSU ignored all four notes. Plaintiff later obtained a fifth note from her doctor and requested assistance from her union. This prompted OHSU to change Plaintiff's working conditions. Plaintiff, however, contends that these changes still were insufficient because OHSU refused to alter Plaintiff's work schedule to allow her to obtain needed medical treatment during the work

week. Plaintiff also contends that she continues to suffer during working hours based on OHSU's refusal to accommodate her alleged disability. According to Plaintiff, after she complained about Scott's sexual harassment and requested accommodation for her migraine headaches, OHSU placed Plaintiff's job performance under "scrutiny," created "fake and false complaints" about her work, and "sought to discipline" her.

On July 12, 2015, Plaintiff filed a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC") about the alleged sexual harassment. On November 16, 2015, Plaintiff filed a similar complaint with the Oregon Bureau of Labor and Industries ("BOLI"). On May, 6, 2016, BOLI dismissed Plaintiff's complaint and sent her a right-to-sue letter, giving Plaintiff 90 days from the date of that letter in which to commence a lawsuit. On June 27, 2016, the EEOC also dismissed Plaintiff's complaint and sent her a right to sue letter, giving Plaintiff 90 days from her receipt of that letter in which to commence a lawsuit.

In addition, Plaintiff, through her counsel, sent two letters to OHSU. Plaintiff's first letter was dated July 9, 2015. Plaintiff sent her second letter, dated July 27, 2016, more than a year later. The parties agree that the letter dated July 27, 2016, provided Defendants with a tort claim notice under the Oregon Tort Claims Act ("OTCA").

On September 22, 2016, more than 90 days after the date of the BOLI right-to-sue letter, Plaintiff filed this lawsuit in state court. She asserted only claims based on state law, including a claim that alleged a violation of Or. Rev. Stat. ("ORS") § 659A.199.[1] Defendants moved for summary judgment, arguing that Plaintiff's claims were untimely and also that Plaintiff could not

---

[1] ORS 659A.199(1) provides: "It is an unlawful employment practice for an employer to discharge, demote, suspend or in any manner discriminate or retaliate against an employee with regard to promotion, compensation or other terms, conditions or privileges of employment for the reason that the employee has in good faith reported information that the employee believes is evidence of a violation of a state or federal law, rule or regulation."

assert a claim under ORS 659A.199 because she is a public sector employee and that statute only applies to private sector employees.² The state court granted Defendants' motion for summary judgment. The state court dismissed Plaintiff's claim under § 659A.199 without explanation, but expressly dismissed all of her other claims as untimely. The state court also gave Plaintiff leave to amend her complaint to assert federal claims or any other state claims not subject to the court's ruling.

On March 15, 2017, Plaintiff filed her amended complaint, asserting four claims against Defendants. Plaintiff alleges: (1) sex discrimination in violation of federal law under 42 U.S.C. § 2000e-2(a), (2) retaliation in violation of federal law under 42 U.S.C. § 2000e-3(a), (3) retaliation in violation of state law under ORS 659A.203, and (4) violation of equal protection under 42 U.S.C. § 1983. After Plaintiff filed her amended complaint, Defendants timely removed the case to federal court.

## DISCUSSION

Defendants move for summary judgment against Plaintiff's first three claims, arguing that they are untimely. Defendants also argue that Plaintiff's third claim, brought under Oregon law, should be dismissed for the independent reason that Plaintiff did not provide OHSU with a timely and sufficient tort claim notice as required by the OTCA.³

---

[2] *See Lindsey v. Clatskanie People's Util. Dist.*, 140 F. Supp. 3d 1077, 1094-95 (D. Or. 2015) (holding that ORS 659A.199 does not apply to public employers); *see also Bieker v. City of Portland*, 2016 WL 3769753, at *3-4 (D. Or. July 14, 2016) (same).

[3] Defendants also move for partial summary judgment against Plaintiff's second claim, under 42 U.S.C. § 2000e-3(a), and Plaintiff's fourth claim, under 42 U.S.C. § 1983, to the extent that those claims are based on alleged disability discrimination. In response, Plaintiff clarified that she is not asserting an equal protection claim under 42 U.S.C. § 1983 or any other federal law on the basis of disability discrimination. In light of Plaintiff's clarification, Defendants' motion on that ground is denied as moot.

## A. 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 2000e-3(a)

Plaintiff alleges that Defendants discriminated against her on the basis of sex, in violation of 42 U.S.C. § 2000e-2(a), and retaliated against her for complaining about sexual harassment, in violation of 42 U.S.C. § 2000e-3(a). Defendants argue that these claims are untimely because Plaintiff did not file them within 90 days of her receipt of the EEOC's letter granting a right to sue. A plaintiff generally has 90 days after receipt of an EEOC right-to-sue letter to commence a lawsuit. 42 U.S.C. § 2000e-5(f)(l); *see also Stiefel v. Bechtel Corp.*, 624 F.3d 1240, 1245 (9th Cir. 2010).

Plaintiff concedes that she did not file her federal claims within 90 days after receiving the EEOC's right-to-sue letter. Instead, she invokes the relation back doctrine set forth in Rule 15 of the Federal Rules of Civil Procedure. Plaintiff argues that her amended complaint "relates back" to the date of her original pleading, September 22, 2016, because her amended complaint "asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Because Plaintiff's federal claims arise from the same allegations of sexual harassment and retaliation alleged in her original pleading, these claims relate back to the original filing date of September 22, 2016, and that is within the 90-day period following Plaintiff's receipt of the EEOC's right-to-sue letter dated June 27, 2016.

Defendants, however, argue that the amended complaint does not relate back to the original complaint because Plaintiff's original complaint was a "nullity" as all of its claims were untimely. In support, Defendants primarily rely upon *Henderson v. Bolanda*, 253 F.3d 928, 931-32 (7th Cir. 2001). In that case, the Seventh Circuit held:

> [I]n order to benefit from Rule 15(c)'s relation back doctrine, the original complaint must have been timely filed. "An amended complaint does not relate back to the filing of the original

> complaint if the original complaint, itself, was filed after the
> expiration of the statute of limitations." 51 Am. Jur. 2d *Limitation
> of Actions* § 263 (2000).

*Id.* at 931. Defendants also rely upon a decision from this Court that found *Henderson* persuasive. *Clink v. OHSU*, 9 F. Supp. 3d 1162, 1165 (D. Or. 2014) (holding that Rule 15(c) "does not permit an amended complaint to relate back to an earlier untimely complaint"). In *Clink*, this Court noted the Supreme Court's decision in *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538 (2010). In *Krupski*, the Supreme Court observed in *dicta*:

> Rule 15(c) of the Federal Rules of Civil Procedure governs when
> an amended pleading "relates back" to the date of a *timely filed*
> original pleading and is thus itself timely even though it was filed
> outside an applicable statute of limitations.

560 U.S. at 541 (emphasis added).

Neither the Supreme Court nor the Ninth Circuit, however, has yet addressed whether an amended pleading may relate back to the date of an earlier pleading that alleged only claims that were untimely. The Court is reconsidering the persuasiveness of *Henderson* and *Clink* because those cases appear to add requirements not contained in the text of Rule 15(c).

In the pending case, however, this issue need not be resolved because Plaintiff's original complaint was not a "nullity" in the sense of *Henderson* and *Clink* because the state court dismissed only some, but not all, of Plaintiff's claims as untimely. Specifically, the state court appears to have dismissed Plaintiff's claim under ORS 659A.199 because Plaintiff could not bring that particular claim against a public sector employer, not because the claim was untimely.[4]

---

[4] In the state court's Order on Defendants' Motion for Summary Judgment, the state court expressly noted that it was granting summary judgment against Plaintiff's claims under ORS 659A.030 and ORS 659A.112 "as those claims are barred because of the untimely filing of the Complaint." ECF 1-12 at 1. Regarding Plaintiff's claim under ORS 659A.199, the state court said only that summary judgment against that claim is granted. The state court said nothing about that claim being untimely. *Id*.

PAGE 7 – OPINION AND ORDER

Thus, the state court did not consider Plaintiff's entire complaint to be a nullity, and the state court expressly gave Plaintiff leave to file an amended complaint, asserting any other state or federal claim that might be available to Plaintiff. ECF 1-12 at 2. Accordingly, the Court denies Defendants' motion for summary judgment against Plaintiff's first two claims, which allege violations of 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 2000e-3(a).

## B. ORS 659A.203

In her third claim, Plaintiff alleges that Defendants retaliated against her for complaining about Scott's sexual harassment and for requesting an accommodation of her disability, in violation of ORS 659A.203. Defendants make two independent arguments. First, Defendants argue that Plaintiff's claim is untimely because Plaintiff did not commence her lawsuit within 90-days after the date of her right-to-sue letter from BOLI. Second, Defendants argue that Plaintiff did not provide a tort claim notice that satisfies the requirements of the OTCA.

### 1. Statute of Limitations

ORS 659A.875 sets forth the time limitations for commencing a civil action that alleges an unlawful employment practice.[5] That statute provides in relevant part:

> (1) Except as provided in subsection (2) of this section, a civil action under ORS 659A.885 [Civil Action] alleging an unlawful employment practice must be commenced within one year after the occurrence of the unlawful employment practice unless a complaint has been timely filed under ORS 659A.820 [Complaints filed with BOLI].
>
> (2) A person who has filed a complaint under ORS 659A.820 [Complaints] must commence a civil action under ORS 659A.885 [Civil Action] within 90 days after a 90-day notice is mailed to the complainant under ORS 659A.880 [Ninety-day notice]. . . .

---

[5] The federal courts look to state law to supply the relevant statute of limitations for a pendent state claim. *See Stewart v. Rock Tenn CP, LLC*, 2015 WL 1883910, at *6-7 (D. Or. Apr. 24, 2015); *see also Mertens v. Hewitt Assocs.*, 948 F.2d 607, 613 (9th Cir. 1991) (applying California statute of limitations to pendent California claim).

> \* \* \*
>
> > (6) Notwithstanding ORS 30.275 (Notice of claim) (9), a civil action under ORS 659A.885 (Civil action) against a public body, as defined in ORS 30.260 (Definitions for ORS 30.260 to 30.300), or any officer, employee or agent of a public body as defined in ORS 30.260 (Definitions for ORS 30.260 to 30.300), based on an unlawful employment practice must be commenced within one year after the occurrence of the unlawful employment practice unless a complaint has been timely filed under ORS 659A.820 (Complaints).

ORS 659A.875(1)-(2), (6); *see Bieker*, 2016 WL 3769753, at *6 (explaining that the statute of limitations for claims under ORS 659A.203 is contained in ORS 659A.875(1)-(2)).

Plaintiff concedes that she did not commence her lawsuit within 90-days of the date of BOLI's right-to-sue letter. Plaintiff argues, however, that her claim is timely because she filed suit within one-year after the occurrence of the allegedly unlawful employment practice. If Plaintiff would not have filed a complaint with BOLI, there is no doubt that her lawsuit would be timely, at least with regard to all challenged events occurring within one year of filing. ORS 659A.875(1). The question presented in this case is whether Plaintiff's filing of a complaint with BOLI *shortens* the relevant statute of limitations to *less than one year*. In other words, the question is whether ORS 659A.875 provides a statute of limitations of one year or 90 days after the mailing of a BOLI right-to-sue letter, *whichever is longer*, or whether that statute provides a statute of limitations of one year or 90 days after the mailing of a BOLI right-to-sue letter, *whichever is shorter*. That is a question of statutory interpretation.

The Court interprets Oregon statutes using Oregon statutory interpretation principles. *Powell's Books, Inc. v. Kroger*, 622 F.3d 1202, 1209 (9th Cir. 2010) (holding that a federal court interpreting Oregon law "interpret[s] the law as would the [Oregon] Supreme Court" (alterations in original) (quotation marks omitted)). Under Oregon law, the "paramount goal" of statutory interpretation is to discern the legislature's intent. *State v. Gaines*, 346 Or. 160, 171 (2009). To

best attain this goal, "the first step" of statutory interpretation is an examination of the text and context of the statute, which is the best evidence of the legislature's intent. *Id*. "After examining the text and context," the court may consult the legislative history, if there is legislative history that is useful to the court's analysis. *Id*. at 172. If the legislature's intent remains unclear after examining text, context, and legislative history, the court may "resort to general maxims of statutory construction to aid in resolving the remaining uncertainty." *Id*.

In *Bieker*, the district court noted: "The filing of the BOLI complaint does not change the one-year requirement, but it allows an aggrieved employee an *additional* 90 days to file a civil action after BOLI issues its notice." *Bieker*, 2016 WL 3769753, at *6 (emphasis added). Further, in *Campbell v. Knife River Corp. Northwest*, the district court observed: "[P]laintiff is required to file his action within one year after the alleged unlawful employment practice, unless he timely filed a complaint with [BOLI], in which case the statute of limitations is *extended* until after BOLI's jurisdiction over the matter ends." 783 F. Supp. 2d 1137, 1148 (D. Or. 2011) (emphasis added). These cases support the interpretation that ORS 659A.875 provides a statute of limitations of one year or 90 days after the mailing of a BOLI right-to-sue letter, *whichever is longer*.

On the other hand, the Court has located two district court decisions in which the plaintiff filed suit more than 90 days after the mailing of the BOLI right-to-sue letter, but less than one year after the last allegedly unlawful employment practice. In both of these cases, the district court dismissed the plaintiffs' claims as time-barred based on each plaintiff's failure to file within 90 days of the mailing of the right-to-sue letter. *See Rinallo v. Capsa Sols., LLC*, 222 F. Supp. 3d 927, 928, 931 (D. Or. 2016) (finding that a complaint filed on August 11, 2016, was time-barred, even though the plaintiff's allegedly wrongfully termination occurred on

October 23, 2015); *Montgomery v. City of Portland Fire & Rescue*, 2009 WL 1329850, at *2, *5 (D. Or. May 8, 2009) (finding that a complaint filed on November 7, 2008, was time-barred, even though the last incident of alleged misconduct occurred on November 19, 2007). In neither case, however, did the court expressly address the question of whether the applicable statute of limitations was one year from the date of the unlawful conduct or 90 days from the date of the BOLI right-to-sue letter, *whichever is longer*.

After considering these issues, the Court holds that if presented with this question, the Oregon Supreme Court likely would conclude that a lawsuit commenced more than 90 days after the mailing of the BOLI right-to-sue letter, but still within one year from the date of the allegedly unlawful employment practice, is timely. A contrary interpretation of ORS 659A.875 would penalize a plaintiff who promptly files a BOLI complaint immediately after the allegedly unlawful employment practice and promptly receives a BOLI right-to-sue letter. Such a plaintiff then would have a significantly shorter statute of limitations than a less diligent plaintiff who does not file a BOLI complaint until the last minute.

Conversely, if an employee promptly files a complaint with BOLI and BOLI were promptly to reject the complaint and issue a right-to-sue letter well before the expiration of the one-year statute of limitations, it is difficult to see what legislative purpose could be accomplished by shortening the one-year statute of limitations. Indeed, this Court is not aware of any other circumstance in which an otherwise applicable statute of limitations can be *shortened* by the prompt decision by an agency to take no action. Further, the parties have not called to the Court's attention any precedent that so holds. Applying this analysis to the pending case, the Court holds that the statute of limitations set forth in ORS 659A.875, properly read, means that a

civil action must be filed within one year from the allegedly unlawful conduct or within 90 days from the date of a BOLI right-to-sue letter, whichever is longer, not whichever is shorter.

## 2. Tort Claim Notice

The OTCA applies to public bodies and their employees. Plaintiff does not dispute that Defendant OHSU is a public body and that Defendant Scott is an employee of a public body. Regarding notice, the OTCA provides, in relevant part:

> No action arising from any act or omission of a public body or an officer, employee or agent of a public body within the scope of ORS 30.260 (Definitions for ORS 30.260 to 30.300) to 30.300 (ORS 30.260 to 30.300 exclusive) shall be maintained unless notice of claim is given as required by this section.

ORS 30.275(1). For all claims other than wrongful death, notice must be provided "within 180 days after the alleged loss or injury." ORS 30.275(2). The required notice of claim may be satisfied by formal notice, actual notice, or the commencement of an action. ORS 30.275(3).

Formal notice of a claim is

> a written communication from a claimant or representative of a claimant containing: (a) A statement that a claim for damages is or will be asserted against the public body or an officer, employee or agent of the public body; (b) A description of the time, place and circumstances giving rise to the claim, so far as known to the claimant; and (c) The name of the claimant and the mailing address to which correspondence concerning the claim may be sent.

ORS 30.275(4). Actual notice of a claim is any communication by which any individual to whom notice may be given "acquires actual knowledge of the time, place and circumstances giving rise to the claim, where the communication is such that a reasonable person would conclude that a particular person intends to assert a claim against the public body or an officer, employee or agent of the public body." ORS 30.275(6).

The parties agree that Plaintiff first sent formal notice on July 27, 2016. ECF 6-4. Defendants argue that they did not have actual notice before July 27, 2016, and thus Plaintiff

PAGE 12 – OPINION AND ORDER

may not base her state claim on any conduct that occurred earlier than 180 days before that date. Plaintiff responds that Defendants had actual notice of her claims based on the combination of the July 9, 2015 letter from Plaintiff's original counsel, the complaints filed by Plaintiff with OHSU's AEOO, Plaintiff's complaint filed with the EEOC on July 12, 2015, and Plaintiff's complaint filed with BOLI on November 16, 2015.

On July 9, 2015, Plaintiff's then-attorney, Michael R. Tooley, sent a letter to OHSU, stating:

> I have been contacted by Sarena Daniels [*sic*] to look into a claim she has against her employer, Oregon Health and Science University, and her supervisors for ongoing employment discrimination occurring approximately at 3181 SW Sam Jackson Park Road Portland, OR 97329.
>
> I do not have enough information to answer Ms. Daniels' [*sic*] questions on this matter, and the purpose of this letter is to simply advise you of the potential claim and afford you an opportunity to investigate it as required by ORS 30.275. Please address any correspondences to my office at the above address.

ECF 8 at 7. This letter does not provide "the time, place and circumstances giving rise to the claim." *See* ORS 30.275(4)(b). It also does not provide a statement that "a claim for damages is or will be asserted" against OHSU or Scott or that Plaintiff "intends to assert a claim" against OHSU or Scott. Thus, it is not formal notice. Further, this letter, by itself, does not satisfy the requirements of actual notice under ORS 30.275(6).

Plaintiff adds, however, that the filing of her complaint with BOLI on November 16, 2015, gave OHSU actual notice of Plaintiff's intent to file a lawsuit because employers are notified of BOLI claims during the claim process. This argument is unavailing. *See Lucke v. Multnomah Cty.*, 2008 WL 4372882, at *22 (D. Or. Sept. 22, 2008) ("A BOLI complaint does not provide actual notice of a plaintiff's intent to file a lawsuit because a plaintiff is not required to file a BOLI complaint prior to filing an employment discrimination suit under state law.").

PAGE 13 – OPINION AND ORDER

Further, even if the AEOO complaints, the BOLI complaint, and the EEOC complaint were found, collectively, to provide Defendants with actual knowledge of the time, place and circumstances giving rise to Plaintiff's claim, it does not appear that a reasonable person would have concluded that Plaintiff intended to assert her claim against Defendants in a civil lawsuit before her counsel's letter of July 27, 2016. Thus, there was no actual notice under ORS § 30.275(6) before the formal notice that was given on July 27, 2016.

As previously stated, Defendants do not deny that the letter dated July 27, 2016 from Plaintiff's counsel constitutes formal notice under the OTCA. ORS 30.275(4). Similarly, Defendants do not deny that Plaintiff's complaint, filed on September 22, 2016, provides notice under the OTCA. ORS 30.275(3)(c). Thus, Plaintiff may not base her state law claim under ORS 659A.203 on any conduct that occurred earlier than 180 days before July 27, 2016, which appears to be January 29, 2016.[6] Thus, to the extent that Plaintiff seeks to base her state law claim on allegedly unlawful conduct that occurred before January 29, 2016, partial summary judgment is granted.[7]

---

[6] Although Plaintiff may not base her state law claim on any allegedly unlawful conduct that occurred before January 29, 2016, evidence of such conduct may or may not be admissible under Rule 404(b)(2) of the Federal Rules of Evidence.

[7] Plaintiff also argues that she may recover in her state law claim alleging "retaliatory conduct" for actions that occurred more than one year before she filed suit because Defendants' conduct constitutes a "continuing tort" extending from 2015 until the present. Plaintiff, however, relies on outdated case law. The United States Supreme Court discussed the continuing tort doctrine in *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). Since then, one Oregon appellate case has cited Morgan. See *Garcez v. Freightliner Corp.*, 188 Or. App. 397 (2003). In *Garcez*, the Oregon Court of Appeals observed, in *dicta*, that *Morgan*'s holding that the continuing tort doctrine may apply to claims alleging a hostile work environment does not extend to "claims arising from discrete acts, such as plaintiff's [federal] discriminatory discharge claim." *Id.* at 404.

Lower court federal cases from this district have uniformly held that the continuing tort doctrine does not apply to retaliation claims under ORS 659A.203. See S*cruggs v. Josephine Cty. Sheriff's Dep't*, 2008 WL 608581, at *13 (D. Or. March 4, 2008) (holding that "under

# CONCLUSION

Defendants' Motion for Partial Summary Judgment (ECF 5) is GRANTED IN PART AND DENIED IN PART. Plaintiff may proceed with her first, second, and fourth claims, alleging violations of federal law, consistent with Plaintiff's clarification that she is not alleging disability discrimination. Plaintiff may proceed with her third claim, alleging retaliation in violation of state law, but only to the extent that it is not based on allegedly unlawful acts that occurred before January 29, 2016.

**IT IS SO ORDERED**.

DATED this 10th day of August, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

---

Morgan, the continuing violation doctrine does not apply to discrete acts of retaliation" in violation of state law); *Reyna v. City of Portland*, 2005 WL 708344, at *5 (D. Or. March 28, 2005) (observing that "the continuing tort theory [in Oregon] is similar to the continuing violation theory as applied after *Morgan*" and holding that "plaintiff's state law claims that are based on discrete acts that caused her harm" outside the statute of limitations were barred); *see also Kubinski v. Mt. Hood Cmty. Coll.*, 2016 WL 492765, at *14 (D. Or. Feb. 8, 2016); *Shepard v. City of Portland*, 829 F. Supp. 2d 940, 956-57 (D. Or. 2011). Thus, because Plaintiff's only state law claim alleges retaliation in violation of ORS 659A.203, the continuing tort doctrine has no application in this case.